## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:
Robert Gundersen

| | |
|---|---|
| CHAPTER 13 | |
| CASE NO. | |
| __X__ ORIGINAL PLAN | |
| _____ AMENDED PLAN (Indicate 1ST, 2ND, 3RD, etc.) | |
| __0__ Number of Motions to Avoid Liens | |
| __2__ Number of Motions to Value Collateral | |

### CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | [X] Included | [ ] Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | [X] Included | [0] Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | [ ] Included | [X] Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. **PLAN FUNDING AND LENGTH OF PLAN.**

   A. **Plan Payments From Future Income**

    1. To date, the Debtor paid _____ $0.00 _____ (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is _____ $8,820.00 _____ , plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 05/2026 | 04/2029 | $245.00 | $0.00 | $245.00 | $8,820.00 |
| | | | | Total Payments: | $8,820.00 |

    2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: __X__ Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

B. **Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is __$2,443.69__ . (Liquidation value is calculated as the value of all non- exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

__X__ No assets will be liquidated. *If this line is checked, skip § 1.B.2 and complete § 1.B.3 if applicable.*

2. **SECURED CLAIMS.**

A. **Pre-Confirmation Distributions.** **Check one.**

____ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

__X__ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
| OneMain Financial | 1495 | $34.20 |
| Provident Loan Society | 8492 | $11.00 |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

__X__ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

C. **Arrears, including, but not limited to, claims secured by Debtor's principal residence.** *Check one.*

__X__ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

D. **Other secured claims (conduit payments, claims for which a § 506 valuation is not applicable, etc.)**

__X__ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*

__ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

X Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under § 1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan or Adversary Action |
|---|---|---|---|---|---|
| One Main | 2007 Honda Odyssey | $2,320.00 | 4.82% | $2,563.21 | Plan |
| Provident Loan Society | Rings. **See § 9.B.** | $1,100.00 | 4.82% | $1,215.32 | Plan |

F. **Surrender of Collateral.** *Check one.*

X None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

G. **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

X None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

3. **PRIORITY CLAIMS.**

A. **Administrative Claims**

1. **Trustee's Fees.** Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

2. **Attorney's fees.** Complete only one of the following options:

   a. In addition to the retainer of _____ already paid by the Debtor, the amount of _____ in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

   b. The balance of fees owed to the attorney for the debtor(s) is estimated to be $ <u>less than $4,000.00</u> This estimate is used in determining compliance with § 1322(a)(2) and feasibility under § 1325(a)(6). Additional fees may be approved under § 330. If allowance of such fees would alter the treatment or distribution to secured or priority creditors under this plan, the debtor must seek modification under § 1329. Approved fees may reduce the distribution to general unsecured creditors consistent with the priority scheme established in this plan.

3. **Other.** Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

   X None. If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.

B. **Priority Claims (including certain Domestic Support Obligations)**

Allowed unsecured claims, including domestic support obligations, entitled to priority under § 1322(a) will be paid in full unless modified under § 9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| | |

    C.   **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

        X   None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

**4.   UNSECURED CLAIMS**

    A.   **Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one of the following two lines.*

        X   None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

    B.   **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

**5.   EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

        X   None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

**6.   VESTING OF PROPERTY OF THE ESTATE.**

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*     **See § 9.**

\_\_plan confirmation.
\_\_entry of discharge.
\_\_closing of case.

**7.   DISCHARGE: (Check one)**

  ( x )   The debtor will seek a discharge pursuant to § 1328(a).

  ( )   The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8.   ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:
Level 1: Pre-Confirmation Distributions listed in ¶ 2.A
Level 2: Debtor's Attorney's Fees in ¶ 3.A.(2)
Level 3: Domestic Support Obligations
Level 4: Amounts listed in ¶ 2.E, pro rata
Level 5: Amounts listed in ¶ 2.C, pro rata. If a claim is filed the allowed amount of the arrearage shall be paid.
Level 6: Amounts listed in ¶ 2.D, pro rata

Level 7: <u>Amounts listed in ¶ 4.A, pro rata</u>
Level 8: <u>Priority amounts of non-Level 3 allowed claims listed in ¶ 3.B, pro rata</u>
Level 9: <u>General unsecured claims</u>

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.*

9. **NONSTANDARD PLAN PROVISIONS**

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

A. **Vesting of Property.** Property of the estate vests in the debtor on confirmation, except for: (i) assets listed in Part 1 of Schedule A/B, which vest when the case closes and (ii) any asset that Debtor acquires post-confirmation and discloses on Schedule A/B, which vests upon discharge.

B. **The Provident Loan Society** is a pawn shop that has a possessory lien on jewelry owned by Debtor. The contract between Provident and the debtor permits Provident to sell the collateral after July 7, 2026 if any amount remains outstanding on the loan. Notwithstanding that language in the contract, Provident shall not sell the collateral. Provident shall return the collateral to the debtor within 30 days after discharge and without requiring payment of any amount other than what is provided for in this plan.

Dated: <u>April 4, 2026</u>  _____
Attorney for Debtor

_____
Debtor

_____
Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.